### W. LUNSFORD *v*. THE STATE.

CHARGE OF THE COURT. — The jury being the exclusive judges of the sufficiency of evidence, it is never legitimate for the court to instruct them that any evidence before them is sufficient.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

*Matthews & Walker*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J.   The appellant was indicted and convicted for theft of a yearling.   The only testimony tending to establish his guilt showed that, about the time laid in the indictment, the defendant butchered an animal such as that described, in the pen of the chief witness for the State, which animal was in the brand of the alleged owner.   The court gave this instruction, among others, to the jury : —

"Killing and skinning an animal of the cattle species is sufficient evidence, under a charge of theft of the animal, if the other ingredients of theft exist as that offence is defined in this charge."

This charge was duly excepted to, and is assigned as error, both in the motion for new trial and in the assignment proper.

It is to be inferred that it was the purpose of the learned judge who sat upon the trial merely to inform the jury, by the instruction quoted, that killing and skinning an animal of another without his consent, and with a fraudulent intent to deprive the owner of the value thereof and to appropriate it to his own use, would constitute such a taking as is meant in the law defining theft.   But in the haste incident to trial, the instruction has been unfortunately worded, and plainly oversteps the boundary fixed by law within which the action of the court, as contradistinguished from that of the jury, must be confined.   Under no circumstances is a court permitted to inform a jury what facts detailed in evidence are sufficient to constitute crime.   In certain cases, provided for by law, a court is authorized to instruct the jury as to the number of witnesses or the amount of the evidence necessary to conviction, as in perjury, the necessity of corroborating an accomplice, and the like ; but in no case is it legitimate for a court to inform the jury that any evidence before them is sufficient.   The jury are the exclusive judges of its sufficiency, and must determine its sufficiency according to their unaided judgment.   *Rice* v. *The State*, 3 Texas Ct. App. 451.

The exception to the charge was properly taken, and, because it was a charge upon the weight of evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*